[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12845

Non-Argument Calendar

_____

IRENE MIRAND,

Plaintiff-Appellant,

*versus*

WALT DISNEY PARKS AND RESORTS
U.S. INC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14265-AMC

_____

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

After plaintiff Irene Mirand applied but was not hired for a series of jobs with defendant Walt Disney Parks and Resorts U.S. Inc., she sued the company under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(2), bringing a disparate impact claim. The district court dismissed her complaint for failure to state a claim, and she challenges the dismissal in this appeal. After careful consideration of the briefs and record, we affirm.

## I.

Mirand, who was over the age of 40 at the time, applied for a financial analyst position with Disney. She interviewed for the position but was not hired. She later applied for more than a dozen other positions with the company but was not hired for any of them.

Proceeding *pro se*, she filed this lawsuit against Disney, alleging that it used unlawful hiring criteria that had a disparate impact on individuals over 40 years old.[1] The company moved to

---

[1] Mirand's complaint included a second claim alleging that the company engaged in intentional age discrimination when it did not hire her for the financial analyst position. The district court granted summary judgment to the company on this claim, concluding that Disney had a legitimate, non-discriminatory reason for not hiring Mirand, and she had not come forward with evidence showing that its reason was a pretext for discrimination. Because

dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, giving two alternative reasons for its ruling. First, the court explained that binding Eleventh Circuit precedent established that only employees, not job applicants, may bring disparate impact claims under the ADEA. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 963 (11th Cir. 2016) (en banc). Second, the court ruled that even assuming a job applicant could bring a disparate impact claim under the ADEA, Mirand failed to state a claim because she had not identified a specific employment practice responsible for any observed statistical disparities in the hiring of individuals over the age of 40. This is Mirand's appeal.

## II.

We review *de novo* a district court order granting a motion to dismiss for failure to state a claim for relief, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *See Fox v. Gaines*, 4 F.4th 1293, 1295 (11th Cir. 2021). We also review *de novo* a district court's interpretation of a statute. *Id.*

When a district court's decision rests on two or more independent, alternative grounds, the appellant must challenge all the grounds to succeed on appeal. *See Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If in her initial brief an

Mirand does not argue on appeal that the district court erred in granting summary judgment on this claim, we address it no further.

appellant fails to challenge one of the alternative grounds on which the district court based its decision, she is deemed to have abandoned any such challenge, and the judgment is due to be affirmed on that ground. *Id.* Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

## III.

Mirand argues on appeal that the district court erred in dismissing her ADEA disparate impact claim. She maintains that the district court erred when it interpreted the ADEA as allowing only an employee and not an unsuccessful job applicant to sue an employer for using a practice that has a disparate impact on older workers. But she fails to address the district court's alternative ground for dismissing this claim: that she failed to identify any specific employment practice with a disparate impact. Because of her failure to challenge each independent ground on which the district court based its decision to dismiss the disparate impact claim, we conclude that she has abandoned any challenge to the dismissal. *See Sapuppo*, 739 F.3d at 680.

But even assuming that Mirand had not abandoned her challenge, we cannot say that the district court erred in dismissing her disparate impact claim. The district court was correct that under our precedent "an applicant for employment cannot sue an employer [under the ADEA] for disparate impact." *Villarreal*, 839 F.3d at 961. Although Miranda advances arguments about why the

21-12845                Opinion of the Court                5

ADEA's statutory language authorizes an applicant to sue, we are bound by our prior precedent. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1304 (11th Cir. 2001).

**AFFIRMED.**